## STOEHRER & PRATT DODGEM CORPORATION v. LUSSE BROS.

(District Court, E. D. Pennsylvania. October 6, 1924.)

No. 2623.

1. Patents ⬅️27(2)—Transforming automobile into a toy device held not to involve invention.

There is no invention in transferring an automobile, in common use for practical purposes, into the amusement field, by adapting it for a new use as a toy.

2. Patents ⬅️328—1,339,299, 1,373,108, 1,467,959, and 1,478,979 covering an amusement device held void for want of invention.

Patents No. 1,339,299, No. 1,373,108, No. 1,467,959, and No. 1,478,979 all relating to an amusement device, held void for want of invention, and also not infringed, if there is any invention in particular features of construction.

In Equity. Suit by the Stoehrer & Pratt Dodgem Corporation against Lusse Bros. Decree for defendants.

Elton J. Buckley, of Philadelphia, Pa., and D. P. Wolhaupter, of Washington, D. C., for plaintiff.

Howson & Howson, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This case concerns itself with letters patent No. 1,339,299, No. 1,373,108, No. 1,467,959, and No. 1,478,979, relating to an amusement device. The claims in issue are, in the order of the issuance of the patents, claims 3 and 4, claims 1 and 9, claims 1 and 2, and all the claims of the last-mentioned patent. The ownership of the four patents is in the plaintiff, and was so at the filing of the bill.

The defenses urged, which we mention now for a reason which will presently appear, are that the first-mentioned patent, although valid, is not infringed; the second patent is of limited scope, and likewise not infringed; the third is in like respects not infringed, and is further invalid for double patenting; and the fourth patent is invalid for the absence of invention and in any event for anticipation.

When the interests of the litigants are respectively in the care of capable counsel, equipped by ability and trained experience, as is the case here, a view of the merits of the litigation which follows the theory of neither plaintiff nor defendant is ominous of probable error. This is emphatically true of patent causes. The view we have taken, however, is not simply a denial of what the plaintiff claims, but goes far beyond the defense interposed, for it is in effect a denial, not merely of invention, but also that there is any field for invention. To get this viewpoint we start with two truths well known, often stated, but as often ignored: Plaintiffs, in all cases of this general character, are asking to have awarded to them a monopoly by law. One of the truths to which we have adverted is that the general policy of the law denounces all monopolies to be evil, and monopoly to be all evil. The law in consequence discourages it always, and so far as is practically possible destroys it. The exception is when the legal right to it is sold for a price and the price is paid. The second truth is that business, on the other hand, looks upon monopoly as not merely desirable, but as practically necessary to business success. This is emphatically true of present-day business. There is small inducement in any business venture, unless at least some of the fruits of a monopoly in some form are promised.

The patent laws grant a monopoly of limited scope and for a limited time upon certain conditions, and in consideration of benefits to be received by the general public. One element is novelty in the thing which is the subject of the monopoly, but this is to assure the reward of invention, and that it goes to none but the real inventor. The impulse of business is to claim much more. Novelty or origination is the sole title to the right to monopolize, and he who was the first in any field resents the intrusion of all others.

[1] The instant case affords a good illustration. The only thought of novelty in anything which any of these patentees did is contained in the thought of transferring a vehicle from what may be called the field of serious use to the amusement field. Let it be granted that the thought originated with the patentee that a vehicle of conveyance in common use for serious purposes might be employed for the purpose of affording amusement; we fail to see in this or in any use of the thought of so doing any necessary call upon the inventive faculty. The vehicle must, of course, be adapted to the new use and purpose; but it would be an exceptional case if there was any call for invention, and, if there was, it would be limited to a particular construction.

[2] In taking the view we have taken of this cause, we are not unmindful of the principle, suggested by reason and confirmed by numberless decided cases, that although a patent may not issue for a newly discovered principle, nor any novel idea merely as such, yet the merits of the originator may be so great that the courts will seize upon any physical embodiment of the idea which can be made to display invention.

Surely the instant case is not such a case. As already stated, all the origination there could possibly be here was to make a toy of an automobile, with the added thought of an appeal to the ludicrous in its manipulation. There is no novelty in this idea, and no invention, although the patentee was the first to apply it to an automobile. Given this thought, no invention was called for to produce the means. All that was needed was to adapt the make of an automobile to the making of a toy. Invention was no more present than in the making of a toy house or boat. We do not say that in doing this

a real discovery might not be made, and real invention be present.

The ruling made is that invention is not presented because of primacy in the toy use of an automobile, and that, if there be invention in particular features of the construction of the toy, of these there is no infringement.

It follows that the bill of complaint should be dismissed, with costs to defendant, and a formal decree to that effect may be submitted; no decree being now made.